UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61122-CIV-COHN/SNOW

TABATHA NELL THOMPSON and
DARREL EUGENE CUMMINGS,

    Plaintiffs

vs.

PROGRESSIVE AUTOMOBILE
INSURANCE CO., *et. al*,

    Defendants.

_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

THIS CAUSE is before the Court upon Plaintiff Darrel Eugene Cumming's Motion for Reconsideration [DE 9]. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

### I. BACKGROUND

The above-captioned matter was dismissed on September 21, 2006. After reviewing the initial complaint in this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court concluded that it failed to state a claim showing that Plaintiffs are entitled to relief under federal law. The Court explained that in order to bring a lawsuit in federal court, as opposed to state court, a plaintiff must allege some violation of federal law, or involve parties who are citizens of different states. The complaint appeared to rely only upon state law, and did not state whether Defendants are citizens of Florida or some other state.

The Court dismissed the initial complaint, and gave Plaintiffs leave to file an

Amended Complaint.  Plaintiffs subsequently filed an Amended Complaint.  Once again, the Court found that Plaintiffs failed to state a basis for federal jurisdiction in their now voluminous 442-paragraph handwritten Amended Complaint.  The Amended Complaint contained claims for breach of contract, false statements in support of insurance claim, aggravated battery, fraud, and "official misconduct and malicious prosecution and/or abuse of process."  The Court determined that there was not diversity of citizenship to support federal jurisdiction over the state law claims because at least one if not all seven individual defendants appeared to reside in Florida, the state of Plaintiffs' residence.  The Court also found that Plaintiffs failed to state a valid claim under 42 U.S.C. § 1983.  The Amended Complaint was dismissed and the case was closed.  Plaintiff Cummings now moves the Court to reconsider its Final Order of Dismissal.

## II.  ANALYSIS

There are three grounds which justify the filing of a motion for reconsideration: "1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or prevent manifest injustice."  Williams v. Cruise Ships Catering & Service Int'l, N.V., 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004); Reyher v. Equitable Life Assur. Soc., 900 F. Supp. 428, 430 (M.D. Fla. 1995).  A motion for reconsideration is not intended to be a tool for relitigating what a court has already decided.  Reyher, 900 F. Supp. at 430.  Rather, it "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  Id. (internal quotations omitted).

In this case, Plaintiff Cummings, proceeding *pro se*, alleges that the Court

improperly dismissed this case.  The majority of the four-page Motion reiterates the allegations previously stated in the Amended Complaint and fails to address this Court's concerns regarding jurisdiction.  These issues cannot be addressed unless it is determined that the Court has jurisdiction over this case.  A small portion of the Motion does address the jurisdictional issues.  Cummings alleges that the Court incorrectly determined that it lacked diversity jurisdiction because Defendant Progressive Automobile Insurance Company's place of business is Cleveland, Ohio, outside the state of Florida.  Further, Cummings argues that the Amended Complaint states constitutional claims which vest this Court with federal question jurisdiction.

The Court finds Cummings's arguments misplaced.  First, pursuant to 28 U.S.C. § 1332, the Court only vests with diversity jurisdiction where there is complete diversity of citizenship.  In this case, since Plaintiffs are Florida residents and many of the Defendants are Florida residents, the mere fact that one Defendant is located outside the state does not provide the Court with jurisdiction under § 1332.  Additionally, contrary to Cummings's claim, as found in this Court's Final Order of Dismissal, Plaintiffs still have not stated a valid cause of action under 42 U.S.C. § 1983 nor have they established that any of the above-listed bases for granting a motion for reconsideration exist.  As such, this Court continues to lack jurisdiction over this matter.  Therefore, it is

**ORDERED AND ADJUDGED** that Plaintiff Darrel Eugene Cumming's Motion for

Reconsideration [DE 9] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 1st day of February, 2007.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

copies to:
Tabatha Thompson, Pro Se
Darrel Cummings, Pro Se